Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6586 | **DATE** | 11/19/10 |
| **CASE TITLE** | Aaron Bethea (#2009-1030186) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $14.93 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. On the Court's own motion, pursuant to 28 U.S.C. § 1915A, the plaintiff's official capacity claims against all defendants are dismissed. Defendants Dart, Godinez, and Moreci are dismissed from this case in its entirety. Plaintiff may proceed in his individual capacity claims against defendants Diaz and Cosmo. The clerk is directed to issue summonses for defendants Diaz and Cosmo. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Status hearing set for 2/3/11 at 9:30 a.m.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiff Aaron Bethea, an pre-trial detainee in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Thomas Dart, Salvador Godinez, Superintendent Moreci and Officers Diaz and Cosmo claiming that he has suffered retaliation for filing grievances. Before the Court is plaintiff's complaint, (Dkt. No. 1), which this Court reviews pursuant to 28 U.S.C. § 1915A, and motions for leave to proceed *in forma pauperis* (Dkt. No. 3), and appointment of counsel (Dkt. No. 4).

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $14.93. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

## STATEMENT

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Plaintiff alleges that he has been subjected to an unsafe living environment because of the conduct of the Jail's Emergency Response Team ("ERT"). (Dkt. No. 1 at 4). The ERT routinely does searches of Jail cells. Plaintiff alleges that ERT members defendant Officers Diaz and Cosmo planted a substance appearing to be narcotics in his mattress during a search on March 18, 2010. (*Id*.). Plaintiff believes that the planting was done in retaliation for the numerous grievances he has filed regarding the conditions at the Jail and conduct by the ERT. (*Id*.). Plaintiff claims that he filed a grievance regarding this incident with defendant Superintendent Moreci. (*Id*. at 5). Plaintiff does not allege any type of harm from this incident and says that nothing came of the disciplinary report. He believes that the defendant officers have wrongful intentions and plan to mentally, physically and emotionally harm him. (*Id*.).

Although plaintiff phrases his claim as a violation of his right to proper conditions of confinement, he does not mention any type of physical conditions at the jail, and instead only raises a harassment claim. However, harassment by itself, is insufficient to create confinement conditions that violate the Constitution. *See Dobbey v. Illinois Dep't of Corr.*, 574 F.3d 443, 445-46 (7th Cir. 2009). Plaintiff does not allege in any way that he was physically harmed by the Officers Diaz and Cosmo when they placed the narcotics in his cell. However, plaintiff allegations do allege a First Amendment retaliation claim, and although plaintiff does not mention the First Amendment in his complaint, the Court is mindful of its obligation to liberally construe plaintiff's pro se complaint. *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (citations omitted). Thus, the complaint, liberally construed, does state a claim, and so he satisfies the screening requirement of § 1915A. Plaintiff's case can proceed against the defendants Diaz and Cosmo in their individual capacity.

However, plaintiff may not proceed against any defendant in his official capacity. An official capacity claim is, in actuality, a suit against that individual's municipality, here Cook County. *See Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010). A municipality cannot be held vicariously liable for the constitutional torts of its subordinates unless it is part of the municipality's custom or practice. *Darchak v. City of Chicago Bd. of Educ.*, 580 F.3d 622, 629 (7th Cir. 2009); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Plaintiff does not allege, and his complaint not does suggest, any basis for *Monell* liability against the County. Thus, plaintiff's official capacity claims against all defendants must be rejected.

Plaintiff's claims against defendants Dart, Godinez and Moreci in their individual capacity are also dismissed because plaintiff does not allege, and his complaint does not suggest, any type of individual involvement on their parts. Their only involvement appears to be that they hold supervisory positions. Being a supervisor of an alleged wrongdoer is insufficient to establish individual liability for the supervisor. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution."). "[S]upervisors can violate the Constitution themselves if they 'know about the unconstitutional conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'" *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). Plaintiff's failure to allege any type of individual involvement by defendants Dart, Godinez and Moreci requires the dismissal of the individual capacity claims against these defendants.

As to plaintiff's motion for appointment of counsel, "[t]here is no constitutional or statutory right to counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v.*

*Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent plaintiff, this Court considers whether: (1) plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruett*, 503 F.3d at 654-55). This Court has discretion in determining whether to recruit counsel for a pro se plaintiff. *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008) (quoting *Pruitt*, 503 F.3d at 655).

Plaintiff's motion for appointment of counsel asserts that he has contacted three attorneys thus satisfying the first element of the test. (Dkt. No. 4). Turning to the second element of the test — the complexity of the case and whether the plaintiff appears competent to litigate it on his own — the Court concludes that recruitment of counsel for plaintiff is not necessary at this time. "The question [for this Court] is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers plaintiff's "competence to litigate his own case" including his "literacy, communication skills, education level, and litigation experience." *Id*. Plaintiff does not provide any evidence to suggest that he is unable to litigate his own case at this time and the Court concludes that the requirements of proceeding at this time do not require counsel for plaintiff. Thus, plaintiff's motion for appointment of counsel is denied without prejudice.

The clerk shall issue summonses for service of the complaint on defendants Diaz and Cosmo. The clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any Court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to the plaintiff.

In summary, the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $14.93 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative

| STATEMENT |
|---|
| Office, Division V, 2700 S. California, Chicago, Illinois 60608. On the Court's own motion, pursuant to 28 U.S.C. § 1915A, the plaintiff's official capacity claims against all defendants are dismissed. Defendants Dart, Godinez, and Moreci are dismissed from this case in its entirety. Plaintiff may proceed in his individual capacity claims against defendants Diaz and Cosmo. The clerk is directed to issue summonses for defendants Diaz and Cosmo. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. |